UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-CV-00553-FDW-DSC

| | |
|---|---|
| KIMBERLY HEATH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KILOLO KIJAKAZI, *Acting Commissioner* ) <br> *of Social Security*,[1] ) <br> ) <br> Defendant. ) <br> ) | ORDER |

THIS MATTER is before the Court on Plaintiff Kimberly Heath's Motion for Summary Judgment, (Doc. No. 14), Defendant Commissioner's Motion for Summary Judgment, (Doc. No. 18), and Magistrate Judge David Cayer's Memorandum and Recommendation ("**M&R**"), (Doc. No. 20), which recommends Plaintiff's Motion be denied, Defendant's Motion be granted, and the Commissioner's decision be affirmed. On September 13, 2021, Plaintiff timely filed her objections to the M&R, (Doc. No. 21), and on September 27, 2021, Defendant timely responded, see (Doc. No. 22). Accordingly, this matter is now ripe for review.

For the reasons set forth below, the Court OVERRULES Plaintiff's objections, ACCEPTS and ADOPTS the M&R, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment, and AFFIRMS the Commissioner's decision.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

# I. BACKGROUND

Neither party asserts any specific objections to the procedural history set forth in the M&R. Indeed, the M&R adopts the undisputed procedural history set forth in the parties' briefs. Accordingly, the facts and portion of the M&R entitled "Procedural History" are hereby adopted and incorporated by reference as if fully set forth herein. See (Doc. No. 20, p. 2). Because the procedural posture before this Court is different than that of the magistrate judge, however, the Court provides a short review of the applicable legal authority for reviewing a Memorandum and Recommendation.

# II. STANDARD OF REVIEW

A. Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g) (2006); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Furthermore, "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401). Thus, if this Court finds the Commissioner applied the correct legal standards and his decision is supported by substantial evidence, the

Commissioner's determination may not be capriciously overturned.

B. <u>Review of the Memorandum and Recommendation</u>

In this case, the M&R recommends: (1) Plaintiff's Motion for Summary Judgment be denied; (2) Defendant's Motion for Summary Judgment be granted; and (3) the Commissioner's decision be affirmed. (Doc. No. 20). The M&R found there was "substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and the ultimate determination that Plaintiff was not disabled." <u>Id</u>. at p. 7.

The Federal Magistrate Act states a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); <u>see also</u> <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983). *De novo* review is not required, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982); <u>see also</u> <u>Diamond</u>, 416 F.3d at 315. Accordingly, objections to a Memorandum & Recommendation must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b).

Furthermore, "a general objection to a magistrate judge's findings is not sufficient – 'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" <u>United States v. Benton</u>, 523 F.3d 424, 428 (4th Cir. 2008) (alteration in original) (quoting <u>United States v. Midgette</u>, 478 F.3d 616, 622 (4th Cir. 2007)). General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. <u>See</u> <u>Jackson v. Astrue</u>, No. 1:09–cv–467, 2011 WL 1883026 (W.D.N.C. May 17, 2011); <u>Aldrich v. Bock</u>, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the

3

arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). "Examining anew arguments already assessed in the [Memorandum & Recommendation] would waste judicial resources; parties must explain why the [Memorandum & Recommendation] is erroneous, rather than simply rehashing their prior filings and stating the report's assessment was wrong." Hendrix v. Colvin, No. 5:12–cv–01353, 2013 WL 2407126, at *4 (D.S.C. June 3, 2013). "General or conclusive objections result not only in the loss of de novo review by the district court, but also in the waiver of appellate review." Brock v. Colvin, No. 2:13–cv–0039–FDW–DSC, 2014 WL 5328651, at *3 (W.D.N.C. Oct. 20, 2014) (quoting Thompson v. Covenant Transp., Inc., No. 1:07-cv-275, 2008 WL 4372789, at *6 (W.D.N.C. Sept. 22, 2008)).

### III.  ANALYSIS

Plaintiff objects to the M&R on two grounds. (Doc. No. 21). First, Plaintiff objects to the Magistrate's findings and recommendations regarding Plaintiff's failure to meet her burden of showing her cane was medically necessary. Id. at pp. 1-3. Second, Plaintiff objects to the Magistrate's finding that the ALJ's RFC is supported by substantial evidence. Id. at pp. 3-4.[2] For the reasons set forth below, the Court overrules both objections.

A. Plaintiff's First Objection

The Court first discusses Plaintiff's objection to the Magistrate's findings and recommendations related to Plaintiff's use of a cane. Specifically, Plaintiff asserts the Magistrate

---

[2] Because Plaintiff raises only two objections, the Court need not review the remainder of the M&R not subject to an objection. Homesley v. Freightliner Corp., 122 F. Supp. 2d 659, 660 (W.D.N.C. 2000) (citing Thomas v. Arn, 474 U.S. 140, 149 (1985)) ("The [Federal Magistrate Act] does not on its face require any review at all of issues that are not the subject of an objection.").

4

appears to indicate a prescription is required under SSR 96-9p, and that the absence of a prescription for a cane in the medical record "seems to be the definitive reason for the Magistrate's decision." (Doc. No. 21, p. 2). As a preliminary matter, the Court disagrees with Plaintiff's reading of the M&R. In contrast to Plaintiff's assertions, the M&R properly discusses Plaintiff's failure to meet her burden of establishing that a cane was medically necessary because of the inconsistencies between Plaintiff's claims of medical necessity and the medical evidence, including Plaintiff's sporadic use of a cane and lack of any evidence of a prescription for a cane.[3] Nonetheless, the Court reviews Plaintiff's first objection *de novo*.

As set forth in the M&R, a claimant's need to use an assistive device, such as a cane, is evaluated under SSR 96-9p. (Doc. No. 20, p. 5) (citing SSR 96-9p, 1996 WL 374185 (S.S.A. July 2, 1996)). Pursuant to SSR 96-9p, "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7. "SSR 96-9p does not require an ALJ to make an express finding of medical necessity in all cases in which a claimant uses a cane." Christon v. Colvin, No. 3:15-cv-305-RJC, 2016 WL 3436423, at *5 (June 15, 2016) (citation and internal quotations omitted). "Rather, SSR 96-9p provides guidance regarding the required showing for an ALJ to reach the conclusion that a claimant's hand-held device is 'medically required' where an individual is capable of less than a full range of sedentary work." Id. In any event, "[t]he

---

[3] In light of Plaintiff's objection, however, the Court takes this opportunity to acknowledge it is well settled that, "[w]ith respect to the use of a cane, a prescription or lack of a prescription for an assistive device is not necessarily dispositive of medical necessity." Wheeler v. Comm'r of Soc. Sec. Admin., No. 120CV00388MOCWCM, 2021 WL 6335329, at *4 (W.D.N.C. Dec. 6, 2021), report and recommendation adopted sub nom. Wheeler v. Kijakazi, No. 1:20-CV-388-MOC-WCM, 2022 WL 89875 (W.D.N.C. Jan. 7, 2022) (citations and internal quotations omitted).

5

claimant bears the burden of presenting medical evidence establishing the need for a cane and describing the circumstances for which it is needed." Wheeler, 2021 WL 6335329, at *4 (citations and internal quotations omitted).

After careful review of the record, the Court finds substantial evidence supports the ALJ's determination that Plaintiff failed to meet her burden to establish her cane was medically necessary. In assessing Plaintiff's cane usage, the ALJ noted, "[w]hile the claimant alleges use of a cane, doctors' notes do not support medical necessity…. While the claimant has some right lower extremity weakness, range of motion is full." (Tr. 134). The ALJ later continued, "[t]he claimant's statements and medical records indicate inconsistencies…. While records note use of a cane/walker, providers do not indicate that it is medically necessary…. Physical examination records reflect that the claimant's gait has a limp to the right, but also that it is normal on occasion." (Tr. 135). In addition to this discussion, the ALJ copiously cited to the medical record. In sum, the ALJ's discussion of Plaintiff's cane usage and lack of medical documentation supporting medical necessity was sufficient to address the issue. Therefore, the Court finds the ALJ's decision is supported by substantial evidence and proper under SSR 96-9p. Based on the foregoing, Plaintiff's first objection is OVERRULED.

B. Plaintiff's Second Objection

The Court now moves to Plaintiff's second objection, that the Magistrate erred in finding the ALJ's RFC is supported by substantial evidence. (Doc. No. 21, pp. 3-4). In her brief, Plaintiff states she disagrees with, and objects to, the Magistrate's determination "for the reasons previously stated in [Plaintiff's] memorandum." (Doc. No. 21, p. 3). To further support her objection, Plaintiff merely asserts "[t]he Magistrate simply states the RFC and says that analysis is not lacking," and then briefly reiterates the arguments set forth in her Motion for Summary Judgment, (Doc. No. 14). Id. at 3-4.

Plaintiff's "objection" is nothing more than a stated disagreement with the Magistrate's suggested resolution, supported by a synopsis of Plaintiff's previous arguments, which were considered in the M&R.  Because Plaintiff has failed to direct the Court to a specific error in the Magistrate's finding that the ALJ's RFC is supported by substantial evidence, the Court reviews that portion of the M&R for clear error.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate's review of the Commissioner's decision is also limited to: (1) whether substantial evidence supports the ALJ's decision, Richardson, 402 U.S. at 389; and (2) whether the ALJ applied the correct legal standards, Hays, 907 F.2d at 1456.  In contrast to Plaintiff's assertions, the M&R sufficiently explains the ALJ's findings were supported by substantial evidence.  The M&R reads, in pertinent part:

> "[t]he Court finds that the RFC determination here is supported by substantial evidence including Plaintiff's testimony, her activities of daily living, and her medical records…. The ALJ addressed Plaintiff's limitations in crafting her RFC…. The ALJ reviewed the evidence and explained why Plaintiff could perform 'frequent handling and fingering' with her right upper extremity."

(Doc. No. 20, pp. 4-5) (citing Tr. 133 (citing Tr. 227-228, 245-246)).  Moreover, the M&R makes clear the ALJ applied the correct legal standards.  (Doc. No. 20, pp. 3-4).  Therefore, the Court finds no error in the Magistrate's finding that the ALJ's RFC is supported by substantial evidence, and Plaintiff's second objection is OVERRULED.

## IV.  CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's objections are OVERRULED.  The Court hereby ACCEPTS and ADOPTS Magistrate Judge Cayer's M&R, (Doc. No. 20); DENIES Plaintiff's Motion for Summary Judgment, (Doc. No. 14); GRANTS Defendant's Motion for Summary Judgment, (Doc. No. 18); and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

Signed: March 25, 2022

Frank D. Whitney
United States District Judge